UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **CLAUDE D. ISAAC,** | **CIVIL ACTION NO. 7:19-62-KKC** |
| Petitioner, | |
| V. | **OPINION AND ORDER** |
| **J. DAVID GREEN,** | |
| Respondent. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on petitioner Claude D. Isaac's petition for a writ of habeas corpus (DE 1) pursuant to 28 U.S.C. § 2254. The magistrate judge reviewed the petition and recommends that the Court deny it (DE 16). Isaac has filed objections (DE 18). This Court will make a *de novo* determination of any portion of the recommendation to which Isaac objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The facts of this matter were set forth by the Kentucky Supreme Court. *Isaac v. Commonwealth*, No. 2014-SC-000587-MR, 2016 WL 1068614, at *9 (Ky. Mar. 17, 2016). In brief summary, a jury found Isaac guilty of first-degree robbery and theft by unlawful taking. Isaac later pleaded guilty to being a persistent felony offender in the second degree, and the trial court sentenced him to 20 years. The Kentucky Supreme Court affirmed the conviction and sentence. *Id.* Isaac filed a postconviction motion under Kentucky Rule of Criminal Procedure 11.42. This motion was denied by the trial court. The Kentucky Court of Appeals affirmed that decision on all

grounds raised except one. *Isaac v. Commonwealth*, No. 2018-CA-000360-MR, 2019 WL 856517 (Ky. Ct. App. Feb. 22, 2019). The Court of Appeals found, "Isaac's convictions for both first-degree robbery and theft by unlawful taking violated his right of protection against double jeopardy. This is impermissible, even though the theft conviction adds no additional time to his sentence." 2019 WL 856517, at *6 (Ky. Ct. App. Feb. 22, 2019). Accordingly, the Court of Appeals remand the matter to the trial court with instructions to enter a new judgment vacating Isaac's conviction for theft by unlawful taking. *Id.*

In his petition before this Court, Isaac asserts 15 grounds for relief. The magistrate judge reviewed each and determined that none of the grounds warranted the granting of Isaac's petition.

For his first ground for relief, Isaac asserts that the Kentucky Supreme Court acted contrary to and unreasonably applied federal law when it held that the trial court did not abuse its discretion in denying his motion to sever his trial from that of his co-defendant. Isaac asserts that he was prejudiced by the joint trial because the evidence against his codefendant was much stronger. The magistrate judge determined that Isaac had presented no federal authority that a denial of a defendant's motion to sever in those circumstances violates the movant's constitutional rights. In his objections, Isaac still points to no such authority. He continues to argue that the joint trial violated his constitutional rights because the evidence against his co-defendant was "overwhelming" and the evidence against him was "non-existent." The Kentucky Supreme Court determined, however, that the evidence against Isaac was at least as compelling as the evidence against his codefendant. *Isaac*, 2016 WL 1068614, at *3. Moreover, a "jury must be presumed capable of sorting out the evidence and considering the case of each defendant

separately." *United States v. Warner*, 690 F.2d 545, 553 (6th Cir.1982). *See also United States v. Williams*, 711 F.2d 748, 751 (6th Cir. 1983) (holding that difference in evidence against each defendant "is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence against each defendant"). This ground for relief fails.

For his second ground for relief, Isaac asserts that the Kentucky Supreme Court erred when it held that he was not prejudiced by the trial court's denial of his motion for a continuance. Isaac's counsel filed the motion to continue arguing that he needed additional time to obtain forensic testing on a handgun found at Isaac's codefendant's home. The police believed the gun was used in a separate crime. The handgun was not the gun used in the robbery that Isaac was accused of committing, and Isaac himself had successfully moved to exclude the handgun from being admitted at trial. The magistrate judge again determined that Isaac had not established that the Kentucky Supreme Court's decision was contrary to or an unreasonable application of clearly established federal law. In his objections, Isaac argues that the forensic testing of the gun was necessary to establish "alternative perpetrators." But this assertion is based only on speculation. Moreover, the Kentucky Supreme Court pointed out that the motion was procedurally defective and that Isaac had failed to explain to the trial court why the gun was material to the charges against Isaac. *Isaac*, 2016 WL 1068614, at *5. The Court cannot find in these circumstances that the denial of the motion to continue was so arbitrary as to deny Isaac due process. *Mackey v. Dutton*, 217 f.3d 399, 408 (6th Cir. 2000).

For this third ground for relief, Isaac argues that the Kentucky Supreme Court acted contrary to and unreasonably applied federal law when it held that the

3

trial court did not err in denying his motion for a mistrial based on a juror providing a false response on his juror qualification form. Isaac asserts that a juror falsely denied that any family member had ever been a defendant or witness in a criminal case. In his objections, Isaac argues that the magistrate judge incorrectly required that he prove that the juror's correct response to this question would have *required* that the juror be struck for cause instead of requiring that the response "would have provided a valid basis for a challenge for cause." The magistrate judge, however, correctly determined that Isaac had not showed that 1) the juror failed to answer the question honestly or 2) that the juror's correct response *would have provided a valid basis for a challenge for cause* as required under *McDonough Power Equipment v. Greenwood*, 464 U.S. 548, 556 (1984). (DE 16, Recommendation at 16.)

Isaac stated that he has waived his fourth ground for relief. Thus, the magistrate judge did not review the claim on the merits. Isaac does not object to that ruling.

As to his fifth ground for relief, Isaac argues that the Kentucky Supreme Court acted contrary to and unreasonably applied federal law in finding that the trial court did not err in refusing to give the jury a lost or missing evidence instruction. Isaac argues the instruction should have been given regarding video surveillance footage from a store that that Isaac entered on the day of the robbery. The magistrate judge determined that the police never possessed the surveillance footage and, thus, their failure to preserve it could not be a constitutional violation. Further, the magistrate judge determined, even if the police had a duty to preserve evidence not in their possession, Isaac had not demonstrated bad faith on the part of the police as required for a denial of due process. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). In his objections, Isaac argues that the police were required to obtain

4

the surveillance footage. He cites no federal law that would require the police to obtain the footage. Further, as the magistrate judge explained, the police did obtain a copy of the surveillance tape. The footage that would have included Isaac's visit to the store had been overwritten. Isaac cannot show the missing footage is the result of bad faith on the part of the police. Nor has Isaac cited any federal law holding that a missing evidence instruction is warranted in these circumstances.

For his sixth ground for relief, Isaac argues that the Kentucky Supreme Court acted contrary to or unreasonably applied federal law in holding that the trial court did not err in finding that there was sufficient evidence to support the jury's guilty verdict. As the magistrate judge noted, when reviewing a sufficiency-of-the evidence claim on habeas review, the Court must ask whether it was objectively unreasonable for the Kentucky Supreme Court to determine, after viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). The magistrate judge determined that Isaac's argument on this ground for relief rests on the credibility of witnesses, which this Court cannot evaluate on habeas review.

In his objections, Isaac continues to argue that the allegations against him were either refuted or recanted and that the descriptions identifying him were incorrect, which the missing surveillance footage of the Hall's store would have exposed. As discussed, the surveillance footage of him does not exist. Accordingly, it did not and cannot serve as evidence either for or against Isaac. In reviewing the sufficiency of the evidence against Isaac, the Kentucky Supreme Court cited, "testimony from multiple sources concerning the clothing worn by Isaac during the robbery or shortly thereafter, as well as his whereabouts during the relevant

5

timeframe." *Isaac,* 2016 WL 1068614, at *9. This includes testimony by McNeil and the Halls regarding the clothing worn by Isaac on the day of the robbery (brown or tan coveralls); McNeil's testimony that he saw Isaac driving a green ATV with Gillespie the night before the robbery and the day of the robbery; Deno France's testimony that he saw an ATV that he thought was green heading toward Virgie, where the robbery occurred, and his description of what one of the riders was wearing (brown coveralls); bank surveillance video of the four-wheeler used in the robbery and of the driver; a bank employee's testimony that she saw a green Honda ATV outside the bank; Carrie Hall's testimony that on the day of the robbery Isaac entered her store and had a thick wad of cash; Carrie and Greg Hall's identification of Isaac as the driver of the ATV in the bank video; and the testimony of Isaac's mother that he primarily used her green ATV for transportation.

    None of this evidence was refuted or recanted. It is true that, at trial, McNeil testified that he was not certain the person driving the four-wheeler in the bank video was Isaac. Regardless, the state presented sufficient evidence from which a rational juror could have determined that Isaac committed the robbery. The Kentucky Supreme Court's ruling on this issue was objectively reasonable.

    For his seventh ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law in determining that his counsel was not ineffective for failing to adequately investigate McNeil. The magistrate judge determined that Isaac had failed to show that his trial counsel's actions regarding McNeil were deficient or that they had prejudiced Isaac as required under *Strickland v. Washington*, 466 U.S. 668 (1984). In his objections, Isaac seems to argue that, had his trial counsel better investigated McNeil prior to trial, his trial counsel would have learned earlier that McNeil would not identify Isaac as the

6

driver of the four-wheeler seen in the bank video. But Isaac himself argues that, McNeil testified at trial "unequivocally and unambiguously" that he did not believe Isaac was driving the four-wheeler. For this reason, Isaac's trial counsel reasonably found McNeil to be Isaac's best witness. It is unclear what Isaac argues that a better pre-trial investigation of McNeil would have provided him. Thus, the Court cannot find his trial counsel was deficient or that Isaac was in any way prejudiced by his trial counsel's failure to further investigate McNeil.

For his eighth ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law when it rejected his ineffective-of-assistance claim that was based on his trial counsel's testimony at a post-conviction hearing. The hearing was on Isaac's ineffective-assistance-of-counsel claim, and trial counsel was no longer representing Isaac at that point. The magistrate judge agreed with the Kentucky Court of Appeals that trial counsel's testimony at the post-conviction hearing could not be a basis for a claim that counsel was ineffective *at trial*. This is correct.

Isaac's ninth ground for relief again focuses on the juror who he asserts falsely denied that any family member had ever been a witness in a criminal case. Isaac argues that the juror's wife had witnessed a different bank robbery than the one Isaac was charged with, and that his trial counsel was ineffective for failing to call the juror to testify at the hearing on the motion for mistrial. The magistrate judge determined that the Kentucky Court of Appeals' rejection of this argument complied with *Strickland*. In his objections, Isaac repeats his argument that the magistrate judge incorrectly required that he prove that the juror's correct response would have *required* that the juror be struck for cause. He argues that he is required to prove only that the response "would have provided a valid basis for a challenge for

7

cause" as set forth in *McDonough*. The magistrate judge correctly pointed out that *Strickland* provides the standard on an ineffective-assistance-of- counsel claim. As the magistrate judge determined, Isaac's counsel was not deficient in failing to call the juror because there was a question whether the juror's wife was actually present on the day of the robbery and because the juror questionnaire was ambiguous as to the term "witness." Trial counsel testified that he was concerned that calling the juror would undermine his argument for mistrial. The magistrate judge correctly determined that Isaac has failed to show this was deficient performance or that he was prejudiced by the failure to call the juror.

For this tenth ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law when it rejected his argument that his trial counsel was ineffective for failing to object to the Halls' testimony about their store's surveillance footage, which depicted Isaac on the day of the robbery. In his objections, Isaac argues that he was prejudiced by the Halls' reference to the recording. Nevertheless, he does not provide any valid basis for excluding the testimony. Thus, he cannot establish that his counsel was deficient for failing to move to exclude it. Moreover, Isaac's trial counsel cross examined the Halls about the video. Thus, Isaac cannot establish that he was so prejudiced by the testimony that "there is a reasonable probability that the result of the proceeding would have been different" had the testimony been excluded. *Strickland*, 466 U.S. at 694.

For his eleventh ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law when it failed to order a new trial based on his successful double-jeopardy claim. The Kentucky Court of Appeals agreed with Isaac that his trial counsel was ineffective for failing to argue that he could not be convicted of both robbery and theft by unlawful taking. *Isaac*, 2019 WL 856517, at

8

\*6. The court then remanded the case to the trial court with instructions to vacate the conviction for theft by unlawful taking. *Id*. The court determined that "the evidence submitted to the jury would have been the same regardless of whether trial counsel had raised the issue of double jeopardy" and "[t]here was still sufficient evidence to convict Isaac of first-degree robbery." *Id*. In his objections, Isaac seems to argue that the proper remedy was to vacate both convictions and require a new trial. In *Ball v. United States*, however, in a similar situation, the Supreme Court remanded the case to the district court with instructions to vacate one of the convictions. 470 U.S. 856, 865 (1985). This is precisely the remedy that the Kentucky Court of Appeals ordered.

For his twelfth ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law in rejecting his argument that his counsel was ineffective for failing to move to continue the trial. The court of appeals rejected this argument because Isaac's counsel did, in fact, move for a continuance. As discussed, in support of the motion, trial counsel argued that he was awaiting forensic testing on a handgun that might tie Isaac's codefendant to an unrelated robbery. *Isaac*, 2016 WL 1068614, at \*5. The Kentucky Supreme Court correctly determined that the forensic testing was not material to the charges against Isaac. *Id*. In his objections, Isaac appears to assert that his counsel should have moved for a continuance on different grounds. He argues that, just before trial, his counsel received evidence implicating his codefendant in a series of robberies and that this should have been the basis for a motion to continue. Even assuming that this argument was presented to the Kentucky Court of Appeals, this unidentified evidence against the codefendant is not material to the charges against Isaac. Thus, the Court cannot find that counsel was deficient for failing to move for a continuance

9

based on the evidence. Nor can it find that Isaac suffered any prejudice from that failure.

For his thirteenth ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law when it rejected his argument that his trial counsel was ineffective for failing to compel the testimony of Kentucky State Police Detective Tony Tackett. Isaac argues that Tackett could have testified as to McNeil's poor eyesight and diminished cognitive abilities, which would have provided an explanation to the jury as to why McNeil initially told police that the ATV driver in the bank video was Isaac. The court of appeals, however, determined that this was not ineffective because 1) Tackett had no real involvement in the case beyond being McNeil's first point of contact with the state police and attending McNeil's first police interview; 2) Isaac only speculated as to what Tackett's testimony would have been; 3) there was no evidence that Tackett would have been qualified to opine on McNeil's physical or mental state; and 4) there was no benefit to calling into question McNeil's mental status because, as discussed, trial counsel reasonably believed McNeil to be a good witness for Isaac. *Isaac,* 2019 WL 856517, at *7.

For these reasons, the magistrate judge determined that Isaac could not establish his trial counsel's performance was deficient or that he was prejudiced by the failure to call Tackett. In his objections, Isaac appears to argue that Tackett's testimony regarding McNeil's poor eyesight and cognitive abilities would have bolstered McNeil's testimony at trial that he was not sure Isaac was the driver shown in the bank security video. The failure to present this bolstering testimony to the jury does not render the verdict unreliable. The jury may well have believed McNeil was uncertain that Isaac was the driver but still have determined that the evidence established that he was. Moreover, Isaac does not establish what Tackett's

10

testimony would have been or that he would have been deemed qualified to testify as to McNeil's mental or physical state even if counsel had called him. Thus, Isaac cannot establish that he was prejudiced by the failure to call Tackett. Further, Isaac's trial counsel reasonably determined that it would not be beneficial to call McNeil's judgment into question since McNeil did not identify Isaac as the driver in the video.

For his fourteenth ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law when it rejected his argument that his trial counsel was ineffective for failing to object to portions of the state's opening statements and to the Halls' testimony that they believed Isaac was going to rob them because of the way he was dressed and his demeanor when he entered their store on the day of the bank robbery. The Court agrees with the magistrate judge that Isaac cannot establish that the failure to object to these statements was deficient because he provides no legitimate basis for an objection. Further, he cannot establish why this testimony would have called the guilty verdict into question given the other evidence presented against him.

For his fifteenth ground for relief, Isaac argues that the Kentucky Court of Appeals acted contrary to federal law when it rejected his argument that his trial counsel was ineffective for failing to object to the prosecutor's statements during closing about Isaac not testifying. The court of appeals determined, however, that the prosecutor never made such statements, *Isaac*, 2019 WL 856517, at *7, and the magistrate judge agreed with that assessment. In his pleadings and briefs before this Court, Isaac points to no such statements. Accordingly, the Court cannot grant habeas relief on this claim.

For all these reasons and those stated in the magistrate judge's recommended disposition (DE 16), the Court hereby ORDERS as follows:

1) The magistrate judge's recommended disposition (DE 16) is ADOPTED by the Court;

2) Isaac's objections (DE 18) to the recommendation are overruled;

3) The petition for a writ of habeas corpus (DE 1) is DENIED; and

4) The Court will not issue a certificate of appealability, Isaac not having made a substantial showing of the denial of a constitutional right.

Dated August 16, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY